**Dated: May 26, 2006**
**The following is ORDERED:**



_Tom R. Cornish_
Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CHARLES WESLEY CAIN and** | ) | Case No. 04-73131 |
| **RUBY G. CAIN a/k/a** | ) | Chapter 13 |
| **JEANIE CAIN** | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |
| **CHARLES WESLEY CAIN** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No. 04-7112 |
| | ) | |
| **AEGON STRUCTURED** | ) | |
| **SETTLEMENTS, ET AL.** | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On the 6th day of April, 2006, Settlement Capital Corporation's Verified Motion to Award

Attorneys' Fees and Costs, Plaintiff's Objection to Settlement Capital Corporation's Motion to Award

Attorney's Fees and Costs, and Response to Plaintiff's Objection to Settlement Capital Corporation's Motion to Award Attorneys' Fees and Costs, filed by Settlement Capital Corporation, came on for hearing. Appearances were entered by Betty Williams, Attorney for Plaintiff, Bruce Akerly and Linda Thai, Attorneys for Settlement Capital Corporation ("SCC"), and William M. Bonney, Chapter 13 Trustee. After review, this Court does hereby enter the following in conformity with Rule 7052, Fed. R. Bankr. P., in this core proceeding.

On February 10, 2006, this Court entered an Order in the above-referenced adversary proceeding that granted declaratory relief in SCC's favor regarding ownership of certain annuity payments assigned to SCC by Plaintiff. This Court also found that Plaintiff breached the purchase agreements that assigned the payments to SCC and that SCC had a perfected security interest in Plaintiff's rights to receive the annuity payments under two of the purchase agreements. This Court denied SCC's counterclaims for unjust enrichment and non-dischargeability and also denied confirmation of Plaintiff's Chapter 13 Plan. SCC's Objection to Debtors' Claimed Exemptions was sustained in the Order.

SCC seeks an award of attorneys' fees in the amount of $144,535.00 and costs in the amount of $13,387.02. SCC seeks attorney fees and costs incurred in Debtors' prior bankruptcy case, Case No. 02-72960, and in a state court action that was stayed during the first bankruptcy and then reinstated following the dismissal of the prior bankruptcy case. The reinstated state court action was stayed upon the filing of the present bankruptcy case on August 19, 2004. Plaintiff initiated the present adversary proceeding on November 2, 2004. SCC specifically requests all attorneys' fees and costs incurred in pursuing its claims against Plaintiff that are attributable to, or interrelated to, its breach of contract claim.

2

SCC cites to Okla. Stat. tit. 15, § 251 (1982), in support of its request for attorneys' fees and costs. Section 251 provides, in part:

> Any person who is injured in his business or property by a violation of this act or because he refused to accede to a proposal for an arrangement which, if consummated, would be in violation of this act, may bring a civil action in a court of competent jurisdiction in this state to enjoin further violations and to recover the damages sustained by him together with the costs of the suit, including a reasonable attorney's fee.

*Id.* SCC argues that pursuant to this statute, SCC is entitled to recover its reasonable attorneys' fees and costs that were incurred in connection with its breach of contract claim against the Plaintiff. The total amount of fees and costs requested by SCC can be broken down as follows:

| Action | Total Fees and Costs |
|---|---|
| First State Court Action | $ 2,939.42 |
| First Bankruptcy | $ 49,505.81 |
| Reinstated State Court Action | $ 800.00 |
| Second Bankruptcy/Adversary | $ 104,676.79 |

Plaintiff objects to SCC's request, arguing that the request is not reasonable and does not establish that all of it was essential for the judgment that was awarded. Plaintiff also argues that the fees for attorneys and paralegal staff are excessive and that charging for secretarial work is not an acceptable practice in this area. Plaintiff contends that the work charged is excessive and duplicitous.

SCC argues that the breach of the Purchase Agreements occurred in January 2003, not when the bankruptcy was filed in August, 2004, or when the adversary proceeding was filed in November, 2004. SCC also argues that the attorneys' fees and expenses are reasonable and necessary, and notes that due to the complicated issues related to the breach of contract claim, SCC obtained outside counsel who

3

specializes in dealing with these types of actions.

This Court follows the American Rule which provides for the recovery of attorneys' fees only when a statute or enforceable contract provides for attorney fees. *Summit Valley Industries, Inc. v. Carpenters,* 456 U.S. 717, 721 (1982). The party seeking attorney fees has the burden of proving the amount of hours spent on the case and the appropriate hourly rates. *Case v. Unified Sch. Dist. No. 233,* 157 F.3d 1243, 1249 (10th Cir. 1998). The Court can reduce the number of hours when the time records provided by the party requesting attorney fees are inadequate. *Id.*

This Court observes that the facts and legal issues in this case involved a case of first impression in this District. By first impression, the Court means that it had not dealt with a case where a Debtor actually sold a structured settlement in order to obtain ready cash and then later had the income stream payments diverted back to him personally. Being a case of first impression does not necessarily imply that the case was exceptionally difficult to handle either factually or by the legal issues presented.

The Court notes that the first bankruptcy action was dismissed pursuant to the Trustee's Motion to Dismiss, and is going to be disregarded by the Court. In dealing with the present case, the Court must try to determine reasonable fees and costs associated with SCC's prevailing on its breach of contract claim. It should not be penalized for having out of state counsel in this case, just because Dallas counsel charges substantially more than the prevailing hourly rate in this District. What is problematical to this Court are the fee statements that have been provided for the Court associated with the second bankruptcy and the adversary action. There are redactions too numerous to mention, as well as substantial lumping of fees. Mr. Akerly offered to the Court a "clean copy" of the attorney fees without the redactions and asked the Court to review *in camera*. This was objected to by Mrs. Williams along with Mrs. Williams' objection

4

to considering the redacted statements presented. These statements are voluminous and are contained in a three-inch notebook.

A problem arises for the Court in determining whether or not the redacted portions are sufficiently informative for the Court to review as well as for Mrs. Williams to make proper inquiry and objections. Mr. Akerly's explanation is that they involve matters pertaining to trial strategy and that the litigation is not yet over and final. Mr. Akerly also argued to the Court that this area of the law is very specialized and that SCC uses his law firm to litigate these matters in various courts around the United States. While certainly SCC can hire any counsel they wish and, in this case, they have hired exceptionally able and competent counsel, this by no means dictates that this Court has to approve *carte blanche* all the fees and costs expended as being reasonable. The Court does note from this case that the Debtor did contribute to a lot of the protraction in the litigation, and had it not been for his diverting the income stream of payments back to himself, the litigation would not have been necessary. Be that as it may, the Court has to look at the amount involved, the results obtained, and how much lawyering effort and costs are reasonable in the success of SCC.

This Court is familiar not only with fees charged and approved in all the adversaries in this Bankruptcy Court for the past 12 years, this Court has also conducted over 100 settlement conferences for the United States District Court for the Eastern District of Oklahoma and is familiar with the range of attorney fees charged, awarded, and submitted to the District Court in the planning conferences during litigation. As a range, this Court has knowledge that most routine cases from the District Court that this Court is familiar with involve attorney fees on each side ranging from $15,000.00 to $50,000.00. The attorney fees in adversaries before this Court usually range from $7,500.00 to $20,000.00. This Court also

5

heard the testimony of Jeff Herrick, a local attorney with approximately 13 years of experience. Mr. Herrick testified as to reasonable attorneys' fees in these types of cases in this District, and stated that the typical hourly fee for an attorney with 15 years of experience ranges from $150.00 to $200.00.

Because of the substantial amount of redactions on the attorney fee statements, the Court is really unable to determine in many instances the tasks that were performed by the attorneys. It would be patently unfair for the Court to review a clean copy of the attorney fees and costs when these would not be available to Mrs. Williams for her inspection. Therefore, this Court finds that the attorneys fees should be reduced to $50,000.00. Based on the difficulty in examining the billing statements, the Court is of the opinion that this reduction is necessary and reasonable. The Court will award SCC the costs incurred in the adversary proceeding, which amount to $10,397.75.

IT IS THEREFORE ORDERED that Settlement Capital Corporation's Verified Motion to Award Attorneys' Fees and Costs is **granted in part.** Settlement Capital Corporation is awarded attorneys' fees in the amount of $50,000.00 plus costs in the amount of $10,397.75.

###