**Dated: July 23, 2007**
**The following is ORDERED:**



Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CHARLES WESLEY CAIN and** | ) | Case No. 04-73131 |
| **RUBY G. CAIN a/k/a** | ) | Chapter 13 |
| **JEANIE CAIN** | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |
| **CHARLES WESLEY CAIN** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No. 04-7112 |
| | ) | |
| **AEGON STRUCTURED** | ) | |
| **SETTLEMENTS, ET AL.** | ) | |
| | ) | |
| Defendants. | ) | |

### O R D E R

On the 30th day of April, 2007, the above-referenced adversary proceeding, the Stipulation

(Docket Entry 237), filed by Plaintiff and Settlement Capital Corporation ("SCC"), Settlement

Capital Corporation's Verified Supplemental Motion to Award Attorneys' Fees and Costs (Docket

Entry 239), Plaintiff's Objection to Settlement Capital Corporation's Supplemental Motion to Award Attorney's Fees and Costs (Docket Entry 247), Settlement Capital Corporation's Motion for Relief from the Automatic Stay, Objection to Motion for Relief from the Automatic Stay, filed by Trustee, and Debtors' Objection to Settlement Capital Corporation's Motion for Relief from the Automatic Stay, came on for trial. Appearances were entered by Betty Williams, Attorney for Plaintiff, Bruce Akerly and Linda Thai, Attorneys for Settlement Capital Corporation ("SCC"), and William M. Bonney, Chapter 13 Trustee. After reviewing the evidence and testimony, this Court does hereby enter the following findings of facts and conclusions of law in conformity with Rule 7052, Fed. R. Bankr. P., in this core proceeding.

Plaintiff commenced this adversary proceeding on November 2, 2004. A trial was held on December 13, 2005, on SCC's counterclaims against Plaintiff in which SCC claimed to be the owner of certain assigned payments ("Assigned Payments") from Transamerica Annuity Service Corporation and Transamerica Occidental Life Insurance Company ("Transamerica") to Plaintiff pursuant to four Purchase and Sale Agreements. On February 10, 2007, this Court entered an Order (1) declaring SCC the rightful owner of the Assigned Payments that were due and/or remained due under the purchase agreements entered into between the parties; (2) granting SCC's counterclaim for breach of the purchase agreements and directing SCC to submit an affidavit of attorney fees and costs; (3) denying SCC's counterclaim for unjust enrichment; (4) denying SCC's counterclaim for non-dischargeability under 11 U.S.C. § 523; (5) declaring that SCC has a perfected security interest in Plaintiff's rights to receive annuity payments, not including the Assigned Payments, pursuant to the third and fourth purchase agreements; (6) overruling Debtors' Objections to SCC's Proofs of Claim to the extent they were moot; (7) sustaining SCC's Objection to Debtors' Claimed

Exemptions; (8) denying confirmation of Debtors' Chapter 13 Plan Number (1); and (9) directing the payment of the funds held by the registry of the Court to SCC and directing Transamerica to pay SCC all future Annuity Payments.

Plaintiff filed a Motion to Reconsider and SCC objected to the Motion. On May 8, 2006, this Court entered an Order granting Plaintiff's Motion to Reconsider, and directing a portion of the funds in the Court's registry be paid to SCC and the balance be paid to the Trustee. The Order also directed Transamerica to send a portion of the monthly annuity payment to SCC, and the balance to Plaintiff until August 31, 2007. After August 31, 2007, Transamerica was directed to send the full annuity payments to Plaintiff.

On May 26, 2006, this Court entered an Order granting in part SCC's request for attorney fees and costs. Due to the substantial amount of redactions on the attorney fee statements, and this Court's position on reviewing a clean copy of the fee statement that was not available to Plaintiff's counsel, this Court reduced SCC's attorney fees from $144,535 to $50,000. SCC was also awarded costs in the amount of $10,397.75.

All three orders were appealed to the United States Bankruptcy Appellate Panel of the Tenth Circuit ("BAP"). SCC appealed (1) this Court's determination that two of its security interests in the payments were unperfected; (2) this Court's determination that only a portion of the registry funds should be paid to SCC; and (3) this Court's reduction of SCC's attorney fees and expenses. Plaintiff cross-appealed, asserting that this Court erred when it determined that Oklahoma law and not California should have been applied.

In an Order entered January 19, 2007, the BAP (1) denied Plaintiff's cross-appeal, affirming this Court's choice of Oklahoma law; (2) reversed this Court's determination that SCC's security

3

interests in the Assigned Payments for the first and second purchase agreements were unperfected; and (3) instructed this Court to review SCC's unredacted fee statements to determine attorney fees and costs. The BAP also reversed this Court's holding that limited SCC's recovery to a portion of the registry funds and whatever payments Plaintiff receives until August 31, 2007, and remanded with instructions to enter an order allowing SCC to recover (1) the $41,000 in payments diverted by the Plaintiff before the bankruptcy filing; (2) the payments SCC did not receive once all payments were diverted to the registry; (3) a sufficient number of additional future payments of $2,050 (including payments that become due to Plaintiff after August of 2007) to assure that SCC receives the number of payments it bargained for; and (4) reasonable fees and expenses SCC has incurred in enforcing its rights under the purchase agreements.

Following the entry of the BAP's Order, this Court scheduled a telephonic status hearing, at which the parties were directed to file a Stipulation and SCC was directed to file a Supplemental Application for Fees. A Stipulation was filed March 8, 2007, which contained the following stipulations:

a. SCC holds a secured pre-petition claim in the amount of $41,000.00 from January 2003 through August 2004;

b. SCC is entitled to a distribution from the funds being held in the registry of the Court in the amount of $55,350.00, which represents the assigned payments owned by SCC and held in the registry of the Court from September 2004 through March 2007.

c. SCC is entitled to receive directly from Transamerica Annuity Service Corporation d/b/a Aegon Structured Settlements and Transamerica Occidental Life Insurance Company the assigned payments in the sum of $2,050.00 per month beginning April 1, 2007 through August 31, 2007; and

d. SCC is entitled to recover attorneys' fees, which will be determined by the Court and set forth in a separate order.

4

The parties were not able to reach an agreement with respect to the following issues, however, as set forth in the Stipulation:

a. Who will receive the remainder of the funds in the registry of the Court in excess of the $55,350.00, which represents the assigned payments owned by SCC;

b. Who will receive the remainder of the future monthly payments in excess of $2,050.00 from April 2007 through August 31, 2007;

c. Who will receive the future monthly payments, if any, after August 31, 2007; and

d. How much SCC is entitled to recover in attorneys' fees and costs.

The parties also noted in the Stipulation that certain motions and objections were pending in the bankruptcy case, including SCC's Motion for Relief from Automatic Stay.

First, this Court will examine the issue of the remaining funds in the registry in excess of the post-petition Assigned Payments due to SCC. From September of 2004 through June of 2007, the payments due SCC total $69,700.00 ($2,050 payment for 34 months). SCC's Exhibit #4 indicates that SCC had received $8,200.00 in post-petition payments as of the trial date. Therefore, the amount due SCC for post-petition Assigned Payments would be $61,500.00 (less any payments made to SCC following the trial).

The BAP held in its Order that SCC's security interest in the Plaintiff's entire payment stream is perfected. The BAP further held that SCC should have received all of the registry funds in order to recover its pre-petition claim and Plaintiff's post-petition obligations. Therefore, pursuant to the BAP Order, this Court finds that all the registry funds, including any amounts in excess of $61,500.00, should be awarded to SCC.

Next, this Court will examine the issues of the remainder of the future monthly payments in

5

excess of $2,050.00 from the date of this Order through August 31, 2007, and the future monthly payments, if any, after August 31, 2007. Again, the BAP Order is instructive on these points. As stated on pages 12-13 of the BAP Order:

> Similarly, the bankruptcy court's limitation of the payment duration to August of 2007 is error because SCC is improperly deprived of the right to collect the payments it was deprived of by virtue of Cain's actions, along with its attorney's fees and expenses, from its collateral, i.e., the payment. In addition, SCC should be allowed to recover the balance of the payments it expected to receive under the Purchase Agreements without the August, 2007 temporal limitation. Therefore, the bankruptcy court should have allowed SCC to continue to recover from the payment stream whatever it did not recover from the registry.

The BAP further stated on page 13 of the Order that "SCC should be permitted to enforce its lien by recovering . . . a sufficient number of future Periodic Payments to enable SCC to realize the benefit of its bargain." Pursuant to the BAP's holding, this Court finds that SCC should receive the remainder of the future monthly payments in excess of $2050.00 from the date of this Order through August 31, 2007. In addition, this Court finds that SCC should receive the future monthly payments, if any, after August 31, 2007, to recover on its claim. This holding moots SCC's Motion for Relief from the Automatic Stay.

In sum, SCC may recover from the registry, and to the extent that those funds do not satisfy the amount due SCC, SCC may recover from future payments. SCC has a pre-petition claim of $41,000.00. As stated above, the amount due SCC for post-petition Assigned Payments would be $61,500.00 (less any payments made to SCC following the trial). That leaves two post-petition Assigned Payments through August, 2007, which totals $4,100.00.

The final issue is what amount of attorney fees and costs may SCC recover. SCC seeks an award of attorneys' fees in the total amount of $232,735.50 and costs in the total amount of $21,087.57, for a grand total of $360,423.07. In this Court's May 26, 2006 Order, this Court found

6

that SCC was entitled to recover reasonable attorneys' fees and costs in connection with Plaintiff's breach of the purchase agreements and awarded $50,000 in attorneys' fees and $10,397.75 in costs. In its Order, the BAP reversed and remanded the fee order and instructed this Court to review SCC's unredacted fee statements to determine attorney fees and costs. The Court has reviewed both fee Motions filed by SCC along with the unredacted fee statements.

Plaintiff objects to SCC's fee request, arguing that the request is not reasonable and does not establish that the entire request was essential for the judgment that was awarded. Plaintiff also argues that SCC's attorneys' fees and expenses are excessive and not in line with the rates charged by attorneys with similar experience in this District. Plaintiff contends that the work charged is excessive and duplicitous, and Plaintiff requests that this Court consider the Plaintiff's best interest in examining the unredacted statements.

This Court does have a keen sense of the history of this case in light of the numerous hearings that have been conducted. The litigation arose because of the Plaintiff's own misconduct in having the payments directed back to him after he had previously executed legal and valid assignments.

This Court heard testimony from Mr. Akerly regarding the fee request. Mr. Akerly stated that his firm handles similar litigation for SCC across the country. He also stated that the time spent on this case is reasonable, and that every attempt to avoid duplication was made. This Court also heard testimony from Mr. Bonney and an employee of Ms. Williams regarding reasonable fees in this district.

Section 330 of the Bankruptcy Code provides for "reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney

7

. . . ." 11 U.S.C. § 330(a)(1)(A). This Court typically uses the lodestar method when considering fee applications, which involves multiplying the reasonable number of hours spent on a case by a reasonable hourly fee. "After calculating the fee according to the lodestar method, the court may consider other factors to adjust the fee upward or downward. These factors are set forth in Section 330 of the Bankruptcy Code and in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974)..." *In re Howell,* 226 B.R. 279, 281 (Bankr. M.D. Fla. 1998); The *Johnson* factors include the novelty and difficulty of the task, the requisite skill level, whether the case precluded other employment, the contingent nature of the fee, time limitations, the amount of money involved and the results obtained, and the experience, reputation, and ability of the attorney. *Johnson*, 488 F.2d at 717-19). *See also, In re Commercial Financial Serv., Inc.,* 427 F.3d 804, 811 (10th Cir. 2005)*; Ramos v. Lamm,* 713 F.2d 546 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987).

This Court finds that the services rendered by SCC's attorneys in the bankruptcy case and adversary proceeding were necessary in resolving the issues between the parties and defending SCC's rights under the purchase agreements. In addition, this Court finds that counsel for SCC are skilled and experienced in this type of litigation. The total attorney time exceeds 1,000 hours, however the litigation between the parties has spanned over four years in different forums. This Court notes that counsel for SCC applied discounts of over $25,000.00 to its fees. Further, this Court agrees that SCC is entitled to recover reasonable attorneys' fees and costs incurred in connection with the appeals.

This Court finds that the time spent by the attorneys is reasonable, with the following

8

adjustments:

| DATE | REQUEST | ALLOWANCE |
|---|---|---|
| 10/1/03 | 1.80 hours | 1.0 hours |
| 10/20/03 | 1.00 hours | 0.0 hours |
| 2/20/06 | 4.30 hours | 0.0 hours |
| 2/27/06 | 3.20 hours | 2.0 hours |
| 3/8/06 | 0.30 hours | 0.0 hours |
| 3/17/06 | 0.10 hours | 0.0 hours |
| 5/10/06 | 0.30 hours | 0.0 hours |
| 5/15/06 | 0.30 hours | 0.0 hours |
| 6/1/06 | 1.10 hours | 0.0 hours |
| 6/7/06 | 4.00 hours | 0.0 hours |
| 6/13/06 | 2.20 hours | 0.0 hours |
| 6/16/06 | 0.30 hours | 0.0 hours |
| 7/6/06 | 1.00 hours | 0.0 hours |
| 7/12/06 | 3.00 hours | 0.0 hours |
| 7/13/06 | 2.50 hours | 0.0 hours |
| 7/14/06 | 0.30 hours | 0.0 hours |
| 8/14/06 | 0.40 hours | 0.0 hours |
| 10/13/06 | 0.50 hours | 0.0 hours |
| 10/16/06 | 0.80 hours | 0.0 hours |
| 10/19/06 | 0.40 hours | 0.0 hours |

| | | |
|---|---|---|
| 10/19/06 | 0.30 hours | 0.0 hours |
| 1/22/07 | 0.80 hours | 0.0 hours |

These adjustments amount to a $4,686.00 reduction in attorneys' fees. With these reductions, this Court finds that SCC is entitled to $228,049.50 in reasonable attorneys' fees and $21,087.57 in costs.

IT IS THEREFORE ORDERED that SCC is entitled to recover the following amounts: (a) $41,000 secured pre-petition claim; (b) $61,500.00 (less any payments made to SCC following the trial) for post-petition Assigned Payments; (c) $4,100.00 in post-petition Assigned Payments from July 1, 2007 through August, 2007; and (d) $228,049.50 in reasonable attorneys' fees and $21,087.57 in costs for a total amount due to SCC of $355,737.07.

IT IS FURTHER ORDERED that SCC's Motion for Relief from the Automatic Stay is hereby **moot.**

IT IS FURTHER ORDERED that all funds held in the registry of the Court in connection with this case shall be released to SCC to be applied by SCC against its total judgment.

IT IS FURTHER ORDERED that Transamerica is directed to send all future monthly annuity payments due under the payment stream to SCC, at an address agreed upon between SCC and Transamerica, until SCC has received in full its judgment, less any amounts received from the registry of the Court.

###